IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY V. REMMERT,

    Plaintiff,

vs.

STATE OF CALIFORNIA,
SUPERIOR COURT IN
SAN MATEO COUNTY,
HON. QUENTIN L. KOPP,

    Defendants.

_____/

No. CIV S-08-1694 MCE GGH PS

<u>ORDER</u> and
<u>FINDINGS AND RECOMMENDATIONS</u>

    Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case is referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted an affidavit which, in conjunction with the facts set forth in her verified complaint, makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a complaint if it determines plaintiff's allegation of poverty is untrue, or the action is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

The complaint seeks "an appeal" of the May 20, 2008 judgment after trial of the Honorable Quentin L. Kopp, San Mateo County Superior Court, in Case No. Civ. 438208. The state action was filed by plaintiff's father; plaintiff herein was named as defendant. Judgment was entered against plaintiff herein for breach of fiduciary duty, fraud, cancellation of title to disputed property and transfer of title to community property held by plaintiff's father and his wife (plaintiff's mother), for whom a conservatorship had been obtained "through foul play" at the commencement of the case. Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that the state proceedings, rulings and judgment violated her federal constitutional rights, specifically, her First Amendment rights to free speech and association, and Fourteenth Amendment right to due process. Plaintiff does not explicitly seek damages but an order that would "vacate the judgment or declare a mistrial or grant a new trial."

Since none of the named defendants may be sued in federal court, this action must be dismissed.

The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974).

In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the State are frivolous and must be dismissed.

Plaintiff's claims against the San Mateo County Superior Court must similarly be dismissed. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110

(9th Cir.1987) ("a suit against the Superior Court is a suit against the State, barred by the eleventh amendment" ) (citation omitted).

Assuming that claims against judges in their official capacity are not barred by judicial immunity, the district court has no jurisdiction to "overturn" decisions of state courts in non-habeas cases. While the reach of Rooker-Feldman has certainly been narrowed as of late, it remains a viable doctrine to preclude direct attack upon the decisions of state judges/courts. Reusser v. Wachovia Bank, 525 F.3d 855, 859 (9th Cir. 2008). Plaintiff's claim for "injunctive" relief – to vacate the state court judgment or declare a mistrial or grant a new trial – may be considered only by appropriate appeal to the state appellate courts. (Plaintiff states that she was unsuccessful in obtaining an appeal to the California Court of Appeal and that her request for review by the California Supreme Court is pending.)

Moreover, Judge Kopp, in his individual capacity, is absolutely immune from § 1983 damages liability for his judicial acts unless made in the clear absence of jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099 (1978). Plaintiff's challenges to Judge Kopp's rulings made before, during and after trial, are all judicial acts for which he is absolutely immune.

Since the complaint fails to indicate any other potential defendants and the pertinent facts do not give rise to any federal constitutional claim, the court will recommend dismissal of this action without leave to amend.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis is GRANTED.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend. These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

3

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/07/08                             /s/ Gregory G. Hollows
                                            _____
                                            GREGORY G. HOLLOWS
                                            U. S. MAGISTRATE JUDGE

GGH5:Remmert.dis